IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DWAINE BAKER,

    Plaintiff,

  v.

WEST CONTRA COSTA SCHOOL DISTRICT,

    Defendant.
                                       /

No. C 11-02529 WHA

**ORDER CONDITIONALLY EXTENDING DEADLINE FOR INITIAL DISCLOSURES**

## INTRODUCTION

In this action for recovery of allegedly unpaid overtime compensation, defendant moves to strike the pleadings or preclude evidence based on plaintiff's failure to make initial disclosures. This order extends the deadline for initial disclosures on the condition that plaintiff's counsel pays defendant $900.00 to cover the attorney's fees defendant reasonably incurred in bringing the instant motion.

## STATEMENT

Plaintiff filed this action in December 2010 in the United States District Court for the Eastern District of California. It was transferred to this district in May 2011 and was reassigned to the undersigned judge in August 2011 (Dkt. Nos. 1, 15, 23).

Plaintiff's second amended complaint, which was filed in May 2011 shortly after the transfer, is operative. It alleged that plaintiff was underpaid for overtime hours he worked

1  between August 2006 and June 2009.  A three-page chart listing his hours and wages for the
2  relevant pay periods was attached to the pleading as Exhibit B (Dkt. No. 17).

3       A case management conference was held on September 8, 2011 (Dkt. No. 29).  Neither
4  plaintiff himself nor his attorney, Grayling M. Williams, attended.  Attorney Williams explains
5  that he arrived at the courtroom over an hour late, and that he "would not have appeared at all"
6  but for a reminder call from opposing counsel that morning.  Attorney Williams accepts full
7  responsibility for his failure to timely appear (Williams Decl. ¶ 8).

8       At the September 8 case management conference, the deadline for completing initial
9  disclosures under FRCP 26 was extended to September 16, 2011.  The following day, defense
10 counsel advised Attorney Williams in writing that plaintiff must serve his initial disclosures by
11 that date (Donohoe Decl. ¶ 8).  The letter stated in relevant part:  "Judge Alsup ordered plaintiff
12 to comply with FRCP 26 and serve his Initial Disclosures by September 16, 2011.  We are to
13 advise you that his failure to do so will result in a dismissal of the action."  (Dkt. No. 34).

14      A case management scheduling order was issued on September 12.  Its first paragraph
15 stated:   "All initial disclosures under FRCP 26 must be completed by **SEPTEMBER 16, 2011**, on
16 pain of preclusion under FRCP 37(c), including full and faithful compliance with
17 FRCP 26(a)(1)(A)(iii)."  (Dkt. No. 28).

18      Defendant filed the instant motion on September 23, 2011, asserting that plaintiff still had
19 not made any initial disclosure.  In light of this supposed failure, plaintiff requests an order
20 dismissing the action or, alternatively, prohibiting plaintiff from presenting any evidence at all
21 (Br. 3–4).  Plaintiff's counsel largely acknowledges his failure to serve Rule 26 initial disclosures
22 but claims that this failure was "inadvertent."  Attorney Williams "humbly accept[s] any personal
23 sanction the Court chooses to impose" but "urge[s] this court to refrain from striking the
24 pleadings or otherwise limiting plaintiff's ability to present evidence in this matter"
25 (Williams Decl. ¶ 9).  This order follows full briefing and a hearing attended by counsel for
26 both sides.

2

## ANALYSIS

FRCP 26 requires litigants to disclose witnesses, documents, and damages computations at the outset of a federal action. Unless ordered otherwise, the disclosures must be made within fourteen days after the parties' initial Rule 26(f) planning conference, which itself must take place at least 21 days before the first scheduling conference. FRCP 26(a)(1)(c); FRCP 26(f)(1). Thus, at a minimum, initial disclosures must be made one week before the first scheduling conference.

The initial case management conference following transfer to this district was held on September 8, 2011. Pursuant to the federal rules, initial disclosures were due on September 1 — a full *nine months* after plaintiff commenced this action. The case management scheduling order extended the deadline to September 16. Despite having ample time and multiple warnings, plaintiff still failed to comply.

"Rule 37 gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." Rule 37(c)(1) "is a self-executing, automatic sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (internal quotations omitted). The only exceptions to this automatic exclusion sanction apply if the failure to disclose was substantially justified or harmless. FRCP 37(c)(1).

Attorney Williams has not shown that his failure to make timely initial disclosures was substantially justified or harmless. As an initial matter, his argument is based on non-binding case law from other circuits. More importantly, his substantive excuse does not establish that any exception to Rule 37 preclusion applies. Attorney Williams states that "[a]ny non-disclosure, aside from the timing of receipt of the same by plaintiff's counsel, was due to the inadvertence of plaintiff's counsel, for whom the instant case is his first federal matter" (Opp. 3–4). Inadvertence and inexperience do not substantially justify failure to comply with the rules.

Nonetheless, in light of Attorney Williams' lack of experience with federal procedure, he will be allowed one more chance to make proper initial disclosures. The deadline for both sides to make initial disclosures is hereby **EXTENDED** to **NOVEMBER 15, 2011**, on the condition that Attorney Williams pays defendant $900.00 to cover the attorney's fees defendant reasonably

3

incurred in bringing the instant motion. In the Court's view, this is a reasonable estimate of the minimum amount of attorney's fees incurred by defendant as a result of Attorney Williams' failure to serve initial disclosures. The payment must be made by Attorney Williams himself, not his client.

No more extensions will be granted. Attorney Williams is reminded of his professional duty to comply with all rules and orders. This order notes that if Attorney Williams had attended the September 8 case management conference, he would have understood the requirements of Rules 26 and 37 regarding initial disclosures.

Because the deadline for initial disclosures has been extended, defendant's motion to strike the pleadings or preclude evidence is **DENIED**. This is without prejudice to renewal of the motion after the new deadline passes, if warranted. In any event, plaintiff will *not* be precluded from introducing or relying upon items of proof disclosed by defendant.

## CONCLUSION

The deadline for both sides to make initial disclosures is hereby **EXTENDED** to **NOVEMBER 15, 2011**, on the condition that Attorney Williams pays defendant $900.00 to cover the attorney's fees reasonably incurred in bringing the instant motion. Defendant's motion to strike the pleadings or preclude evidence is **DENIED** without prejudice to renewal after November 15.

**IT IS SO ORDERED.**

Dated: November 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4